**IN THE COURT OF APPEALS OF IOWA**

No. 15-1121
Filed May 25, 2016

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**JOHNNY WEEKLEY,**
  Defendant-Appellant.
_____

Appeal from the Iowa District Court for Fayette County, John J. Bauercamper, Judge.

The defendant appeals from his sentences for willful injury causing bodily injury and domestic abuse assault causing bodily injury. **SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**POTTERFIELD, Judge.**

Johnny Weekley appeals from his sentences for willful injury causing bodily injury and domestic abuse assault causing bodily injury. Weekley maintains the district court did not articulate adequate reasons for the sentences on the record and the district court erred in assessing court costs to him for some dismissed companion simple misdemeanor charges.

**I. Background Facts and Proceedings**

Weekley was charged by trial information with willful injury causing serious injury (count I) and domestic abuse assault causing bodily injury (count II). He reached a plea agreement with the State whereby the State would amend count I to willful injury causing bodily injury and Weekley would enter guilty pleas for both charges. As part of the agreement, Weekley would be subject to open sentencing on count I and the State would recommend a term of incarceration not to exceed seven days for count II. The district court accepted Weekley's guilty pleas in April 2015.

Weekley's sentencing hearing took place in June 2015. At the hearing, the State recommended the court impose a five-year prison sentence for count I (willful injury) because it "was not [a] garden variety assault" and Weekley took no responsibility, even though it cost the person he assaulted "several thousand dollars in medical expenses" and several weeks of missed work due to a "broken eye socket [and] cheekbone." Additionally, the State noted that the preparer of the presentence investigation (PSI) report "specifically rules out deferred judgment as something she would like to see the court consider." In response,

3

Weekley emphasized "the sheer absence of any other event of this nature" in his past and asked the court to give him a deferred judgment on both counts

The court sentenced Weekley to a term of incarceration not to exceed five years for count I and a term of seven days for count II. The sentences were ordered to run concurrently. When pronouncing the sentence, the court stated:

> The court deems the sentences to be appropriate due to the nature of the offense[,] the injuries suffered by the victims, [and] the facts and circumstances in the presentence investigation. Although the court disagrees with the recommendation, the court has relied on the facts, background facts, contained in the presentence investigation. The court does note the lack of prior criminal record.

Similarly, the court filed a written order and under the heading "reasons for sentence" provided the following: "In pronouncing sentence, the court gave special consideration to: the nature of the offenses, injury to the victim of Count I, the defendant's minimal prior record, and the background facts contained in the presentence investigation."

Weekley appeals.

## II. Standard of Review

We will not reverse the sentence imposed by the district court "absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

## III. Discussion

### A. Reasons on the Record

Weekley maintains the district court failed to state adequate reasons for the sentence on the record. *See* Iowa R. Crim. P. 2.23(3)(d) ("The court shall state on the record its reason for selecting the particular sentence."). He asserts

the district court provided only "boilerplate" reasons and asks us to remand for resentencing. *See State v. Marti*, 290 N.W.2d 570, 589 (Iowa 1980) (holding that a sentence is to be vacated and remanded for resentencing when the trial court failed to state reasons for the sentence imposed on the record).

Here, the record clearly indicates the court considered factors unique to Weekley when imposing sentence. On the record, the court considered both an aggravating factor—the severity of the resulting injury—as well as a mitigating factor—Weekley's lack of prior criminal record. Additionally, although the court did not agree with the recommendation of the presentence investigator that Weekley's sentence on count I should be suspended, the court considered that option as well as the other parts of the presentence report, including the history of the incident and Weekley's own background.

The court's reasoning may have been terse and succinct, but it is sufficient for us to review the court's exercise of discretion. *See State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010) ("A statement may be sufficient, even if terse and succinct, so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's discretion."), *overruled on other grounds by State v. Hill*, ___ N.W.2d ___, ___, 2016 WL 1612950, at *5 (Iowa 2016). Thus, we conclude the court provided sufficient reasons for imposition of the challenged sentence.

**B. Costs**

Weekley maintains the district court erred by assessing him the court costs associated with some dismissed companion simple misdemeanor charges.

The State concedes error on this point. We vacate the costs and remand for entry of a corrected judgment.

**IV. Conclusion**

We affirm all of Weekley's sentences except the costs for the dismissed companion charges. We remand for entry of a corrected judgment.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**