# IN THE COURT OF APPEALS OF IOWA

No. 16-0593
Filed November 23, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**THOMAS EDWARD JENKINS SR.,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Scott County, Henry W. Latham II,

Judge.


　　　　A defendant appeals the sentence imposed following his guilty plea.

**AFFIRMED.**


　　　　Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant

Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney

General, for appellee.


　　　　Considered by Vogel, P.J., Mullins, J., and Blane, S.J.*

　　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**VOGEL, Presiding Judge.**

Thomas Jenkins appeals the sentence imposed following this court's prior decision that vacated his sentence and remanded the matter for resentencing. *See State v. Jenkins*, No. 15-0589, 2015 WL 8367810, at *3-6 (Iowa Ct. App. Dec. 9, 2015). He contends in this appeal the district court abused its discretion at resentencing by not considering mitigating factors and that it "twisted what should have been a mitigating factor"—his remorse and acknowledgement of the seriousness of the offense—"into an aggravating factor."

Jenkins pled guilty to two counts of second-degree sexual abuse, and each conviction required the mandatory imposition of twenty-five years in prison as a forcible felony and a seventy-percent mandatory minimum. *See* Iowa Code §§ 702.11, 709.3(2), 902.9, 902.12, 907.3 (2011). Thus, the only discretion the district court had when imposing the sentence was whether the sentences should be run concurrently or consecutively. *See id.* § 901.8. The court ordered consecutive sentences, stating:

> Mr. Jenkins, it's my duty to review what is available to me in terms of community resources and to determine what the appropriate rehabilitative plan would be for you. I also must consider how the public can be protected from this type of criminal activity in the future and also consider the impact upon the members of the community and, most importantly, the victim in this case. I also have to consider your willingness to accept change and treatment.
> I am left with little discretion in this case as this is a forcible felony and it requires a period of incarceration. I have reviewed your presentence investigation [(PSI)] in all respects. I have not considered any of the entries in the criminal history section which do not reflect an admission of guilt or a finding of guilt in relation to those charges.
> [The prosecutor] is correct that these are egregious circumstances, and even in your own statement this is a very serious crime. And I do take that into consideration. And it's based

on the nature of the offenses, your past criminal history, your failure to comply with the requirements of probation in the past, and protection of the community, and also the assessment within the PSI, that I feel it's most appropriate that the sentences imposed be consecutive in this case.

Our review of the district court's sentencing decision is for an abuse of discretion. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). "In applying discretion, the court 'should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform. . . . The punishment should fit both the crime and the individual.'" *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999) (citations omitted). However, the court is not "required to specifically acknowledge each claim of mitigation urged by a defendant. Furthermore, the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). The court's recognition and agreement with Jenkins's acknowledgment of the seriousness of the offense does not indicate the court improperly "twisted" a mitigating factor into an aggravating factor. Upon our review of the record, we find no abuse of discretion in the district court's imposition of consecutive sentences in this case.

**AFFIRMED.**