**IN THE COURT OF APPEALS OF IOWA**

No. 15-2131
Filed January 25, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALAN WALKER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Des Moines County, Michael G. Dieterich, District Associate Judge.


        Alan Walker appeals from the sentence imposed following his guilty plea to fifteen counts of sexual exploitation of a minor.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Patricia A. Reynolds, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

Alan Walker pled guilty to fifteen counts of sexual exploitation of a minor. The district court sentenced him to indeterminate two-year prison terms on each count, to be served consecutively, for a total sentence not exceeding thirty years. The Iowa Supreme Court summarily reversed the sentence and remanded for resentencing.

On remand, the district court imposed the same sentence. Walker appealed. He contends (1) the district court failed to give "specific reasons for consecutive sentences," and (2) the district court "abused its discretion by imposing the harshest possible sentence without properly considering the many mitigating factors." Our review of these issues is for an abuse of discretion. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016).

*I.* The district court must state reasons for imposing consecutive sentences. *See id.* at 274. The record should indicate "whether the stated reasons for the sentence appl[y] to both the decision to reject [a] request for a suspended sentence and the decision to make [a] sentence consecutive." *Id.*

The record so indicates. The district court stated:

> All right. Mr. Walker, I'm going to lay out the reasons for the sentence I'm about to impose so you can understand everything I've considered. First, I've considered all parts of the PSI, with the exception of those parts objected to by your first attorney, Mr. Monroe. To your credit, you pled guilty. That's a bonus for that. You had admitted in the PSI that you know that that kind of activity hurts children. I've considered your family background. I've considered some of your mental history. I've considered the fact of your age and your Hepatitis C. I've considered your past criminal history and lack thereof. However, one thing that sticks out in my mind as the sentencing judge is each of these acts were essentially separate acts and crimes involving children who were victims. My responsibility is to deter others from similar conduct in the

> community, and the sentence I'm going to impose is for further maximum protection of the community and gives substantial opportunity for you to have some rehabilitation for mental health while incarcerated. *And again*, *when I say these are reasons for my sentence*, *these are also reasons for the length of sentencing— my form of sentencing I'm going to impose*. *Again, there are fifteen separate acts of criminal conduct involving fifteen victims*. *It's an important consideration for this judge*. *I'm going to on each count impose a sentence of two years*, *and they will run consecutive on all counts*.

(Emphasis added.) Because the district court explicitly applied the reasons for imposition of a prison term to the decision to impose consecutive sentences and reiterated its reliance on the number of separate crimes Walker committed, we conclude the court satisfied its obligation under *Hill*. *See* 878 N.W.2d at 274.

*II.* A district court is not obligated "to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). Here, the district court acknowledged several mitigating circumstances including Walker's remorse, his family background, and his history of mental illness. In the end, the court weighed the number of separate crimes and the fact they involved children more heavily. We discern no abuse of discretion in this balancing of the relevant factors.

**AFFIRMED.**