# IN THE COURT OF APPEALS OF IOWA

No. 16-1807
Filed June 7, 2017

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**DORIEN DONTAE TYRONE LEMON,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter, Judge.

A defendant appeals the sentence imposed following his guilty pleas. **CONVICTION AFFIRMED; SENTENCE VACATED IN PART AND REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, Presiding Judge.**

Dorien Dontae Tyrone Lemon appeals following his guilty pleas to burglary in the third degree and assault with the intent to commit sexual abuse, in violation of Iowa Code sections 709.11(3) and 713.6A(1) (2016). He asserts the district court abused its discretion in imposing, rather than suspending, the prison term on his convictions. He also claims the court erred in failing to articulate reasons for running the sentences consecutively.

The nonbinding plea agreement between Lemon and the State called for a joint sentencing recommendation of suspended concurrent sentences, with probation and placement at a residential correctional facility for one year or until maximum benefits are achieved. The presentence investigation (PSI) report instead recommended incarceration on both convictions with the sentences to run consecutively. At the sentencing hearing, the district court rejected the parties' sentencing recommendation and instead imposed a five-year term and a two-year term of incarceration on the convictions and ordered the sentences to run consecutively. In reaching this decision, the district court stated:

> Okay. Let me say a few things. I read through all three of these files on Friday, and I made some notes about some things that I thought were of some significance. Before I get to that, I understand [defense counsel's] argument. He makes a very good argument, and it's pretty convincing, but it is hard to say to the court with a twenty-one-year-old who does have a conviction for possession of controlled substance, which is an indictable, who does have two convictions of domestic abuse assault, which are both indictable, who has a conviction for operating a motor vehicle without the owner's consent, which is an indictable, and who while on probation comes in and commits a felony offense and an aggravated offense on two separate dates, two separate occasions, it's difficult with that background to come in and say, I deserve a chance on probation.

When I read through the PSI and I read through these files, I come to the conclusion that probation doesn't work for Mr. Lemon and hasn't worked up to this point in time. His sentencing order on a domestic second offense was October 7 of 2015. The date that he committed the assault with intent to commit sexual abuse was May 1st of '16, so about six or seven months after he'd been on probation for a domestic second. The date of the burglary third is June 7 of 2016, a month apart from each other, two separate acts, two completely separate incidents involving different people, both criminal offenses, both while he's on probation.

And he does have a lot of simple misdemeanors on his record. I understand that. And to be honest, I don't consider the simples all that much. They don't weigh very heavily in my decision. But the other things do, and in particular, when you're on probation and you commit multiple new criminal offenses while you're [on] probation, to me that is significant. It really is.

. . . .

So what I'm saying is Mr. Lemon has failed on probation. To come in and ask for again another chance on probation isn't reasonable. I'm not going to give him the chance on probation.

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). An abuse of discretion occurs only when "the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.* Upon our review of the record, we find no abuse of discretion in the district court's decision to impose terms of incarceration rather than suspend the sentences. We affirm that part of the district court's sentencing order.

However, in *State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016), the supreme court held, "Sentencing courts should also explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration." In our review of both

the transcript of the sentencing hearing and the sentencing order, we are unable to locate an explicit statement of reasons for imposing consecutive sentences, and the State concedes the error. We therefore vacate that portion of the sentencing order and remand for resentencing on the issue of whether the sentences should run concurrently or consecutively.

**CONVICTION AFFIRMED; SENTENCE VACATED IN PART AND REMANDED FOR RESENTENCING.**