# IN THE COURT OF APPEALS OF IOWA

No. 17-0333
Filed September 13, 2017

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**ADAM DONNELL BOYD,**
          Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Carol L. Coppola (plea) and Odell G. McGhee II (sentencing), District Associate Judges.

Adam Boyd appeals the conviction and sentence entered upon his guilty plea to possession of a controlled substance (first offense). **AFFIRMED.**

Sandra P. Trevino of Jensen & Trevino, P.C., East Dubuque, Illinois, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

Adam Boyd pled guilty to possession of a controlled substance (first offense), a serious misdemeanor. *See* Iowa Code § 124.401(5) (2016). The district court sentenced him to 365 days in jail, with all but eleven days suspended, and imposed a fine and surcharges, one year of supervised probation, and a mandatory driver's license revocation.

On appeal, Boyd contends (1) the district court abused its discretion in sentencing him and (2) his plea attorney was ineffective in failing to seek the suppression of evidence gained in a search of his pocket.

## I.    Sentencing Decision

The district court gave the following reasons for the sentence:

1. The nature and circumstances of the crime
2. Protection of the public from further offenses
3. Defendant's criminal history
4. Defendant's substance abuse history
5. Defendant's propensity for further criminal acts
6. The Plea Agreement

Boyd argues (1) "[n]othing about the 'nature and circumstances of the crime' suggest that 'protection of the public from further offenses' is implicated," (2) there was no "testimony or evidence indicating that [he] had a criminal history meriting a more severe sentence," (3) the record does not reflect he had "a substance abuse history," and (4) there was "no basis on which to make an assessment of [his] 'propensity for further criminal acts.'"

Our review is for an abuse of discretion. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). An abuse will be found when the court's sentencing rationale "is not supported by substantial evidence or when it is based on an erroneous

application of the law." *Id.* (quoting *State v. Putnam*, 848 N.W.2d 1, 8 (Iowa 2014)).

The record includes the minutes of testimony and attachments to the minutes. These documents support the sentencing reasons identified by the district court. *See State v. Summers*, No. 08-0164, 2008 WL 4531565, at *4 (Iowa Ct. App. Oct. 1, 2008) (finding support for sentencing reasons in the minutes of testimony).

We begin with the nature and circumstances of the crime. According to an incident report, a Des Moines police officer who approached Boyd after learning there was an active warrant for his arrest thought "he was going to run." The officer handcuffed him, but Boyd still "attempted to run two times." The officer enlisted the help of another officer in subduing Boyd. During the struggle, he "observed Boyd trying to dig in his right coin pocket." The officer searched the pocket and discovered a small baggy of white powder, later determined to be cocaine. The officer confirmed the existence of the outstanding warrant, naming Boyd as a "wanted person." Boyd was arrested. In sum, the report documented obstructionist behavior on Boyd's part and an effort to conceal evidence of guilt.

Boyd's attempts to flee and his arrest on the outstanding warrant support the second reason for the sentence—protection of the public from further offenses. As for Boyd's criminal history, the minutes of testimony reveal a prior conviction for possession of a controlled substance. That conviction also is indicative of Boyd's substance abuse history. The prior conviction, together with the outstanding arrest warrant and the current conviction for drug possession, underscore Boyd's propensity for future criminal acts.

We conclude the district court did not abuse its discretion in sentencing Boyd.

## II.     Ineffective Assistance of Counsel

Boyd argues his attorney was ineffective in "failing to pursue a motion to suppress when the arresting officer exceeded the scope of his authority under *Terry v. Ohio* by searching [his] coin pocket prior to arrest without probable cause or reasonable fear of danger."[1]   We find the record adequate to address this issue.  *See State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008).  To prevail, Boyd must establish (1) his attorney breached an essential duty, and (2) prejudice resulted.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Harris*, 891 N.W.2d 182, 185 (Iowa 2017).

We begin and end with the State's argument that Boyd's attorney did not breach an essential duty in failing to move for suppression of the drug evidence because the drugs would have been inevitably discovered.  Under this doctrine, "evidence gathered despite Fourth Amendment violations is not constitutionally excluded when the police would have inevitably discovered the same evidence acting properly."  *State v. Christianson*, 627 N.W.2d 910, 912 (Iowa 2001).

We applied the doctrine in *State v. Ericson*, No. 14-1746, 2016 WL 719178, at *3 (Iowa Ct. App. Feb. 24, 2016).  There, troopers believed the defendant was the subject of an outstanding arrest warrant.  *Ericson*, 2016 WL 719178, at *1, *3.  They removed the defendant from the vehicle in which he was riding and handcuffed and searched him; they discovered methamphetamine in his pocket.  *Id.*  The defendant was arrested for possession of a controlled

---

[1] *See generally Terry v. Ohio*, 392 U.S. 1 (1968).

substance. *Id.* The troopers then received confirmation of the outstanding warrant. *Id.* In reviewing the district court's suppression ruling, this court stated, "Because the troopers inevitably and actually in short order, would have searched [the defendant] incident to executing the valid arrest warrant and would have obtained the methamphetamine through lawful means, the exclusionary rule does not apply." *Id.* at *3.

Boyd argues *Ericson* is distinguishable because the troopers knew there was an outstanding warrant for Ericson's arrest, whereas the officer in this case merely suspected the existence of a warrant. We disagree. Like the officer who detained Boyd, the troopers in *Ericson* only possessed "initial information that Ericson had an outstanding warrant for his arrest." *See id.* And, like the officer who detained Boyd, the troopers in *Ericson* did not confirm the existence of the warrant until after the search was conducted. Boyd's case is indistinguishable from *Ericson* in all material respects. *Ericson* constitutes persuasive authority in support of applying the inevitable discovery doctrine to his case.

We conclude Boyd cannot establish that his attorney breached an essential duty in failing to move for suppression of the drugs based on what he characterizes as an unconstitutional search because, even if the officer violated the Fourth Amendment in conducting a warrantless search of his pocket, the police would have inevitably discovered the evidence. In reaching this conclusion, we have considered Boyd's argument that "the exception gives peace officers no incentive to refrain from conducting illegal searches." The Iowa Supreme Court has considered and rejected this argument, stating:

> [T]he exceptions to the exclusionary rule assure the prosecution is not put in a worse position than it would have been in had the police misconduct not occurred.  These exceptions limit the sweep of the exclusionary rule in recognition of the "enormous price [exacted] from society and our system of justice" by suppressing relevant information.

*State v. Seager*, 571 N.W.2d 204, 211 (Iowa 1997) (alteration in original) (quoting *Segura v. United States*, 468 U.S. 796, 816 (1984)).  Boyd's ineffective-assistance-of-counsel claim fails.

We affirm Boyd's conviction and sentence for possession of a controlled substance (first offense).

**AFFIRMED.**