WATERMAN, Justice.
In this appeal, we must decide whether the presumption for consecutive sentences in Iowa Code section 908.10A (2013) excuses the district court from the general requirement to state why it imposed a consecutive sentence and, if .not, whether the district court’s stated reason for this consecutive sentence was adequate. The defendant pled guilty to failure to comply with sex-offender registry requirements, an offense he committed while on parole for the underlying sex crime. - The district court imposed a two-year prison sentence consecutive to his parole revocation and stated, “The reason for the sentence is protection of the community, seriousness of the crime, and the nature and circumstances of the offense.” The defendant appealed on grounds that the sentencing court failed to give reasons for imposing a consecutive sentence. The court of appeals affirmed, concluding the . statutory presumption for consecutive sentences obviated any need to give reasons for imposing the consecutive sentence. The dissenting judge disagreed, noting section 908.10A allows discretion to impose concurrent or consecutive sentences, requiring the sentencing court to give reasons for its choice.. On further review, we hold the district court must give reasons for imposing a consecutive sentence under section 908.10A and that the reasons given in this case were insufficient. Accordingly, we vacate the decision of the court of appeals, vacate the sentencing order, and remand the case for resentencing.
I. Background.
In 2010, Donald James Hill was convicted of burglary in the third degree and assault with intent to commit sexual abuse and sentenced to prison. He was required to register as a sex offender. Hill was paroled on June 6, 2013. As a condition of his parole, he was required to wear an ankle bracelet with a GPS monitor. On August 4, 2014, Hill reported to the Iowa Sex Offender Registry that he was residing at Bridge Avenue in Davenport, Iowa. He was provided with the rules of the registry that day informing him that he must report any change in address within five days. Hill moved to the City of Clinton, Iowa, four days later without reporting his change in address. Shortly thereafter, Hill violated his parole by cutting off his ankle bracelét and traveling to Kentucky to attempt to meet with his ex-wife. A warrant for his arrest for the parole viólation was issued in Clinton County on August 26. The next day, a Davenport police officer, Thomas Leonard, learned Hill was incarcerated in Kentucky. Hill told the Kentucky’officials that he resided in Clinton. On October 27, the State charged Hill with failure to comply with sex-offender registry requirements in vio *272 lation of Iowa Code section 692A.111(1).[1] Hill filed a written plea of guilty to that charge on December 3, which the Scott County District Court accepted on December 10.
Hill appeared with counsel at his sentencing hearing in Davenport on January 2, 2015. The State asked for a two-year prison term for the sex-offender registry conviction to be served consecutive to Hill’s parole revocation. Hill requested a suspended sentence. The' district court orally imposed the following sentence:
I am going to sentence you to the two years in prison, and it is consecutive to the parole [revocation] in PECR062306, which I understand is out of Clinton County. I will give you credit for the time served. The reason for the sentence is protection of the community, seriousness of the crime, and the nature and circumstances of the offense.
The district court issued this written sentencing order:
Pursuant to Defendant’s plea of guilty to Count 1, Failure to. Register as a Sex Offender, First Offense, in violation of Section 692A.104, Defendant is sentenced to the custody of the Director of the Iowa Department of Adult Corrections for a period not to exceed, .two years, to run consecutive to the parole revocation in Clinton County in Case No. FECR062306. Credit is given for time served. The Iowa Medical and Classification Center, Oakdale, Iowa, is designated as the reception center. In addition, defendant is ordered to pay court appointed attorney fees not to exceed $1,000. Court costs and fines are waived. .Defendant was advised of his right to appeal. Appeal bond is set at $2,000.
The district court did not refer to the statutory presumption for consecutive sentences.
Hill appealed his sentence, contending the district court failed to provide adequate reasons for the consecutive sentence. We transferred the case to the court of appeals. A divided court of appeals affirmed Hill’s sentence because, “under section 908.10A, the default or presumptive sentence is a consecutive sentence.. The statute itself is sufficient reason for imposing consecutive sentences.” The dissent concluded “[s]eetion 908.10A empowers the district court to impose the sentences consecutively or concurrently,” which “implicates the court’s discretion and ... requires a court to state reasons for imposing consecutive sentences.” The dissent found the district court failed to exercise its discretion.
We granted Hill’s application for further review.
II. Standard of Review.
“We review the district court’s sentence for an abuse of discretion.” State v. Barnes, 791 N.W.2d 817, 827 (Iowa 2010). A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable. Id. A district court’s “ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous applicar tion of the law.” State v, Putman, 848 N.W.2d. 1, 8 (Iowa 2014) (quoting In re Det. of Stenzel, 827 N.W.2d.690, 697 (Iowa 2013)),. “When a sentence is not mandatory,. the district court must exercise its discretion....” State v. Millsap, 704 N,W.2d 426, 433 (Iowa 2005) (quoting State v. Thomas, 547 N.W.2d 223, 225 (Iowa 1996)).
*273 III. Analysis.
We must decide whether the presumption for consecutive sentences in Iowa Code section 908.10A, the parole-revocation sentencing statute, permits the district court to impose a consecutive sentence without stating a reason for doing so. Hill argues, and the court of appeals dissent concluded, the district court abused its discretion by failing to explain why it imposed a consecutive sentence. The State contends, and the court of appeals majority held, the district court need not state any reasons for imposing a consecutive sentence because of the presumption for consecutive sentences in section 908.10A. The State alternatively argues the district court exercised its discretion and adequately explained the reasons for the consecutive sentence. We interpret the statute to' require an explanation for a consecutive sentence and conclude the district court’s explanation fell short. •
We begm with the text of Iowa Code section 908.10A, which provides,
When a person is convicted and sentenced to incarceration in a state correctional institution in this state for an aggravated misdemeanor committed while on parole, ... the person’s parole shall be deemed revoked as of the date of the commission of the new aggravated misdemeanor offense.
... The term for which the defendant shall be imprisoned as a parole violator shall be the same as that provided in cases of revocation of parole for violation of the conditions of parole. The new sentence of imprisonment for conviction of an aggravated misdemeanor shall be ■served consecutively with the term imposed for the parole violation, Unless a concurrent term of imprisonment is ordered by the court..
(Emphasis added.) The plain language of section 908.10A makes clear that consecutive sentences are presumed, albeit not required, and are the default option unless the district court orders a concurrent term.' 'See id. Yet, section 908.10A expressly allows the district court to impose a concurrent' sentence, which necessarily gives the district court discretion -to impose the sentence concurrently or consecutively. Id.; see also. id. § 901.8 (“If a person is sentenced for two or more separate offenses, the sentencing judge may order the second' or further sentence to begin at the expiration of the first...-.”). Thus, the district, court had discretion when sentencing Hill for the sex-offender-registry charge to impose the prison sentence to run concurrent or consecutive to the prison sentence for his parole revocation. The district court imposed a consecutive sentence. Was the sentencing; court required to give reasons for imposing the consecutive sentence? The court of appeals majority concluded the statutory presumption for a consecutive sentence obviated the need to.give reasons. We disagree. • , •
Iowa Rule of Criminal Procedure 2.23(3)(d) requires the district court to “state on the record its reason for selecting the particular sentence.” Rule 2.23(3)(d) applies to the district court’s decision to impose consecutive' sentences. State v. Jacobs 607 N.W.2d 679, 690 (Iowa 2000). In State v. Thompson, we reiterated the purposes served by requiring the sentencing court to explain its reasons for. imposing a particular sentence. 856 N.W.2d 915, 919 (Iowa 2014). First, “[t]his requirement ensures defendants are well aware of the consequences of their criminal actions.” Id. Second, and “[m]ost importantly,” this requirement “affords our appellate courts the opportunity to review the discretion of the sentencing court.” Id. Both purposes are served when offenders are sentenced under sec *274 tion 908.10A. We hold that rule 2.23(3)(d) applies to require the district court to state the reasons for its sentence, notwithstanding the statutory presumption for consecutive sentences in section 908.10A. The court of appeals erred by holding otherwise.
We next address whether the reasons given by the district court adequately explained Hill’s consecutive sentence. In the sentencing colloquy, the district court, immediately after announcing its decision to impose a two-year prison term to run consecutive to the parole revocation, stated, “The reason for the sentence is protection of the community, seriousness of the crime, and the nature and circumstances of the offense.” Those three reasons arguably applied to both the length of Hill’s sentence and the court’s decision to make it consecutive. In Thompson, we concluded that similar reasons can be sufficient to show the exercise of discretion to impose a particular sentence. 856 N.W.2d at 918, 921 (noting that the judge “can use forms, such as the one available in this case, to check the boxes indicating the reasons why a judge is imposing a certain sentence”). The reasons given for Hill’s sentence mirror the reasons considered sufficient in Thompson. See id. at 918 (setting forth checklist that included as grounds for Thompson’s sentence, “[t]he nature and circumstances of the crime” and “[pjrotection of the public from further offenses”). Thompson, however, did not involve consecutive sentences, and the district court, when giving reasons for Hill’s sentence, did not explicitly state the same reasons supported making the sentence consecutive.
Hill concedes that the district court’s statement was adequate to explain why it imposed a two-year prison term instead of a suspended sentence but argues the district court failed to further explain why it made its sentence consecutive to the prison term for the parole revocation. We agree. In State v. Hennings, we concluded that the district court’s stated reasons for sentences also applied to its decision to run them consecutively as part of an “overall sentencing plan.” 791 N.W.2d 828, 838-39 (Iowa 2010) (quoting State v. Johnson, 445 N.W.2d 337, 343-44 (Iowa 1989)).
In our view, the stated reasons in this case were insufficient “to allow appellate review of the trial court’s discretionary action” to impose a consecutive sentence. Barnes, 791 N.W.2d at 827 (quoting Jacobs, 607 N.W.2d at 690); see State v, Thacker, 862 N.W.2d 402, 408 (Iowa 2015) (‘While [rule 2.23(3)(d) ] requires a statement of reasons on the record, a ‘terse and succinct’ statement may be sufficient, ‘so long as the brevity of the court’s statement does not prevent review of the exercise of the trial court’s sentencing discretion.’” (quoting Johnson, 445 N.W.2d at 343)); Thomas, 547 N.W.2d at 225 (“The sentencing court ... is generally not required to give its reasons for rejecting particular sentencing options.”). The district court made no mention of the statutory presumption for a consecutive sentence in Iowa Code section 908.10A. We cannot tell from this record whether the district court understood it had discretion under that statute to choose concurrent or consecutive sentences. We are also unsure whether the stated reasons for the sentence applied to both the decision to reject Hill’s request for a suspended sentence and the decision to make his sentence consecutive. Finally, the district court missed the opportunity to elaborate about the separate crimes committed by Hill at different times — the underlying sex-crime conviction for which his parole was to be revoked and his new sentence for violating the sex-offender-registry statute while on parole.
*275 We encourage sentencing courts to give more detailed reasons for a sentence specific to the individual defendant and crimes and to expressly refer to any applicable statutory presumption or mandate. Sentencing courts should also explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration. To the extent our precedent such as Hen-nings and Johnson allowed us to infer the same reasons applied as part of an overall sentencing plan, we overrule them.
The rule of law'announced in this case overruling Hennings and Johnson shall be applicable to the present case, those cases not finally resolved on direct appeal in which the defendant has raised the issue, and all future cases.
IV. Conclusion.
For these reasons, we vacate the decision of the court of appeals, reverse the sentencing order of the district court, and remand the case for resentencing.
DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT SENTENCE VACATED AND CASE REMANDED.
All justices concur except APPEL and WIGGINS, JJ., who concur specially, ,

. Hill's parole revocation'was prosecuted separately in Clinton County.