# IN THE COURT OF APPEALS OF IOWA

No. 15-1002
Filed July 27, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**ANTHONY RODRIGUEZ,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Allamakee County, Joel A. Dalrymple, Judge.

　　　　A defendant appeals the district court's finding that his harassment conviction was sexually motivated and asserts that the district court failed to give sufficient reasons for imposing consecutive sentences.  **SENTENCE AFFIRMED IN PART AND VACATED IN PART, AND REMANDED FOR RESENTENCING.**

　　　　Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, and Louis S. Sloven and Alexandra Link (until withdrawal), Assistant Attorneys General, for appellee.

　　　　Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Anthony Rodriguez entered *Alford*[1] pleas to willful injury and first-degree harassment. Rodriguez was ordered to register as a sex offender as part of his sentencing after the district court made a separate determination that the harassment offense was sexually motivated. Rodriguez appeals the district court's finding that his harassment conviction was sexually motivated under Iowa Code section 692A.126 (2015). He also appeals the district court's imposition of consecutive sentences, contending the court failed to articulate sufficient reasons. Because we find substantial evidence to support the district court's determination Rodriguez's crime was sexually motivated, we affirm the portion of the sentencing order requiring him to register as a sex offender. However, because the district court failed to provide sufficient reasons to impose consecutive sentences, that portion of the sentencing order is vacated, and the case is remanded for resentencing.

During the sentencing hearing, the district court made a separate determination that the harassment offense was sexually motivated, basing this decision upon evidence admitted and testimony received in the hearing. The victim, Rodriguez's former wife, was asked:

> Q. And the statement that you gave . . . right after the assault, you said that during the strangulation when Anthony had a towel wrapped around your neck and then afterwards he said, I know it sounds weird, but you're kind of sexy when you're knocked out. He said that, didn't he? A. Yes.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (holding that an accused may consent to the imposition of a sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime).

The district court concluded that this testimony, in addition to the other evidence admitted into the record, established beyond a reasonable doubt that the acts were sexually motivated. Because we find substantial evidence to support this conclusion, we affirm the finding that the harassment was sexually motivated and affirm that portion of the district court's sentencing order requiring Rodriguez to register as a sex offender pursuant to Iowa Court Rule 21.26(1)(b), (d), and (e).

As to Rodriguez's claim attacking the consecutive sentence portion of the sentencing ordering, our supreme court recently ruled that sentencing courts must now "explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration." *State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016). Because the record does not adequately reveal sufficient reasons for imposing consecutive sentences, we vacate that portion of the sentencing order and remand the case for resentencing. *See* Iowa Ct. R. 21.26(1)(c).

**SENTENCE AFFIRMED IN PART AND VACATED IN PART, AND REMANDED FOR RESENTENCING.**