# IN THE COURT OF APPEALS OF IOWA

No. 15-2172
Filed October 12, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JEFFRY ROBERT JENSEN,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Timothy

O'Grady (plea) and Gregory W. Steensland (sentencing), Judges.


A defendant challenges the State's fidelity to the plea agreement and the

district court's imposition of consecutive sentences. **CONVICTIONS AFFIRMED,**

**SENTENCE VACATED IN PART, AND REMANDED FOR RESENTENCING.**


Marti D. Nerenstone, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney

General, for appellee.


Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**TABOR, Judge.**

Jeffry Jensen raises two complaints about his sentencing hearing. First, he alleges the State breached the plea agreement by promising to recommend time served for two of his four convictions but then asking the district court to impose consecutive sentences. Because his attorney did not object, he raises this allegation under the rubric of his counsel's ineffective assistance. Second, he contends the district court failed to explicitly state its reasons for running all four sentences consecutively.

We see no merit in Jensen's first allegation because the prosecutor honored the plea agreement at the sentencing hearing, though the district court was not bound by and did not follow the State's recommendation. On Jensen's second claim, under the new directive of *State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016), we find it necessary to vacate the portion of the sentencing order mandating all four terms to run consecutively and remand for a new sentencing hearing.

## I. Facts and Prior Proceedings

Across six months in late 2014 and early 2015, Jensen committed the crimes of operating a motor vehicle without owner consent, second-degree theft, criminal transmission of an infectious disease, and possession of methamphetamine.[1] The parties entered a written plea agreement addressing the offenses of second-degree theft and operating a motor vehicle without owner consent. In paragraph 9 of that document signed by Jensen, the parties agreed

---

[1] The State originally filed four different trial informations, alleging a total of six offenses. The State dismissed several counts and reduced the severity level of other charges.

"sentencing will be open such that either party may request any sentencing permitted by law." Jensen also acknowledged: "My entry of these guilty pleas is not contingent on the Court accepting the plea agreement and/or sentencing recommendations described above at paragraph 9."

For the offenses of criminal transmission and methamphetamine possession, both serious misdemeanors carrying a maximum sentence of one year, the prosecutor agreed to recommend "a jail sentence equal to time served" with no probation. On both misdemeanor pleas, Jensen again signed written agreements acknowledging entry of his guilty pleas was not contingent on the court's acceptance of the parties' sentencing recommendations.

While making its recommendation at the sentencing hearing, the State informed the court:

> As of today, Mr. Jensen has credit for [eighty-four] days served in SRCR148302 [methamphetamine possession]. The State is asking that he be sentenced to that number of days, along with the 125 days that he has credit for in FECR147097 [criminal transmission], and that both of those jail sentences run concurrent with each other, but consecutive to the charges in FECR146402 and 146543, the stolen vehicle and operation without owner's consent cases.

The State noted the presentence investigation report revealed Jensen's long criminal history, including his failure to appear for multiple court hearings. The State also emphasized "every single time he was out on bond," Jensen committed a new criminal offense. The State justified its recommendation as follows: "To give him the maximum opportunity for rehabilitation, please sentence him to prison in FECR146402 and FECR146543 consecutive to the jail sentences and consecutive to each other for a total of [seven] years with no credit for time served."

In mitigation of Jensen's sentence, defense counsel noted his client's age, thirty-two, and the backing Jensen had from his parents. Counsel said Jensen tried to provide financial support for his five children, but his use of methamphetamine during the past year was the root of his criminal problems. Defense counsel asked the court to impose "a probationary-type sentence" so Jensen could remain in the community and continue to help with his children.

Jensen personally addressed the court, saying

> I understand that it's my own fault that I did all of these screw-ups. If I would have thought about it a little longer on each one of them, I probably wouldn't have done them. I'd like to be able to be with my kids. I'm sorry for what I've done.

After Jensen's allocution, the district court pronounced sentence, stating the following rationale:

> Because of your need for and the likelihood to achieve rehabilitation, because of society's need for protection from further offenses by you and others, and because of my review of the presentence investigation report and the past criminal history that appears in that report, the facts and circumstances of each of these cases, and the chronology in which those cases all occurred, in FECR146402, on the charge of operating without owner's consent, you are sentenced to an indeterminate term of incarceration not to exceed two years, you are fined the minimum fine of $625.
> In FECR146543, on the charge of theft in the second degree, you are sentenced to an indeterminate term of incarceration not to exceed five years; you are fined the minimum fine of $750.
> In FECR147097, on the charge of criminal transmission of a contagious or infectious disease, you are sentenced to one year in the county jail, fined the minimum fine of $315.
> In FECR148302, on the charge of possession of methamphetamine, you are sentenced to one year in jail, fined the minimum fine of $315.
> All of the fines and surcharges will be suspended. The terms of incarceration will not be suspended. Mittimus will issue on those immediately. All counts shall run consecutively with one another for a total term of incarceration of [nine] years. You'll receive credit for

time served against any of those charges as shown by the records of the county jail.

After detailing Jensen's requirements to pay restitution and the other consequences of his convictions, the court added: "It gives me no pleasure in imposing this sentence on you, Mr. Jensen.  I don't do it out of any sense of vindictiveness.  I don't do it out of any sense of being overly punitive, but you have earned it."

Jensen now challenges his consecutive sentences.

## II.  Scope and Standards of Review

Because defense counsel did not object to the State's recommendation at the sentencing hearing, Jensen failed to preserve error.  *See State v. Horness*, 600 N.W.2d 294, 297 (Iowa 1999).  To raise the issue on appeal, Jensen must allege counsel rendered ineffective assistance.  We review Jensen's ineffective-assistance-of-counsel claim de novo.  *See State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008).  If the prosecutor breached the plea agreement, Jensen's counsel was duty-bound to object.  *See State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015).  "[P]rejudice is presumed when defense counsel fails to object to the [S]tate's breach of a plea agreement at the sentencing hearing."  *Id.* at 170.

We review the district court's imposition of sentence for an abuse of discretion.  *See Hill*, 878 N.W.2d at 272.  The court abuses its discretion when its decision is based on "clearly untenable grounds" or the extent of discretion exercised is "clearly unreasonable."  *Id.*  A district court's sentencing rationale is "untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law."  *Id.*

### III. Analysis

### A. Did the prosecutor breach the plea agreement?

When a defendant's guilty plea rests in any significant degree on a promise from the prosecutor, such that the promise was an inducement for the defendant to enter the plea, the prosecutor must fulfill that promise. *Horness*, 600 N.W.2d at 298.

In this case, Jensen alleges the State breached its plea agreement in discussing the serious-misdemeanor sentences. The prosecutor informed the court Jensen had served eighty-four days on the methamphetamine-possession offense and 125 days on the criminal-transmission offense. The prosecutor then asked the court to sentence Jensen to "that number of days" and for those jail sentences to run concurrent with each other but consecutive to "the stolen vehicle and operation without owner's consent cases."

On appeal, Jensen asserts:

> She fulfilled part of her agreement, by asking that Mr. Jensen be sentenced to those number of days, and for those sentences to run concurrent with each other. However, she breached the plea agreement by not agreeing that Mr. Jensen be sentenced to time served, but by asking that those sentences run consecutive to the sentences in the other charges.

The record does not support Jensen's assertion. The prosecutor abided by the plea agreement in asking for time served on the serious-misdemeanor offenses. The prosecutor recommended Jensen serve "a total of seven years." The plea agreements contemplated the prosecutor could ask for consecutive sentences for the aggravated misdemeanor and class "D" felony. Nothing in the

plea agreements prevented the prosecutor from asking for the theft and operating-without-consent terms to commence at the point of sentencing.[2]

Jensen also argues the sentencing court erred in not following the plea agreements. This argument is without merit. The written agreements in these cases stated Jensen's guilty pleas were "not contingent" on the court's acceptance of the State's sentencing concessions. *See* Iowa R. Crim. P. 2.10(2) (permitting but not requiring parties to condition plea agreement on court's concurrence to the charging or sentencing concessions). At the plea hearing, both defense counsel and the district court noted "that sentencing is open"— indicating the court was not bound by either party's recommendations.

On this record, we find defense counsel had no duty to object at the sentencing hearing. *See Lopez*, 872 N.W.2d at 169 ("If the prosecutor honored the plea agreement, Lopez's trial counsel had no duty to object.").

## B. Did the district court fail to explicitly give reasons for the consecutive sentences?

Sentencing occurred in this case on December 7, 2015. Jensen filed a notice of appeal on December 17 and filed his proof brief in February 2016. On April 22, 2016, our supreme court filed its decision in *Hill*, which changed the requirements for sentencing courts when imposing consecutive terms. 878 N.W.2d at 275.

---

[2] We are satisfied the State was asking for two consecutive prison sentences totaling seven years. The State also recommended time served for the two serious misdemeanors. We acknowledge the State's recommendation for the "time served" jail sentences to run consecutive to the two prison terms could be problematic because consecutive sentences "shall be construed as one continuous term of imprisonment." *See* Iowa Code § 901.8. But if the court had followed the State's recommendation for time served, it would not have been required to decide between concurrent or consecutive sentences because the serious-misdemeanor terms would have been completed or discharged.

On June 1, the supreme court transferred Jensen's appeal to our court. On June 12, Jensen filed a motion asking to supplement his brief with an argument based on *Hill*. Our court granted that motion on June 23, and both parties filed supplemental briefs. Because we granted Jensen's request for supplemental briefing, we conclude the rule of law announced in *Hill* applies to this case. *See id.* at 275 (applying new rule to "those cases not finally resolved on direct appeal in which the defendant has raised the issue, and all future cases").

In *Hill*, our supreme court overruled precedent allowing us to affirm a district court's decision to run sentences consecutively as part of an overall sentencing plan. *See id.* Sentencing courts are now required to "explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration." *Id.*

At Jensen's sentencing hearing, the court gave reasons for imposing incarceration but did not specifically tie those reasons to its pronouncement that all terms were to run consecutively for a total of nine years. Because we may no longer infer the court ordered boxcar sentences as part of an overall sentencing plan, we vacate the portion of the order imposing consecutive sentences. *See id.*; *see also State v. Jason*, 779 N.W.2d 66, 77 (Iowa Ct. App. 2009) ("Since the trial court gave sufficient reasons for imposing incarceration, we vacate only that portion of the sentence imposing consecutive sentences and remand for the purpose of determining whether the sentences should run consecutive or concurrent."). On remand, the district court should determine whether the

sentences should run consecutive or concurrent and provide reasons for its decision.

**CONVICTIONS AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED FOR RESENTENCING.**