# IN THE COURT OF APPEALS OF IOWA

No. 17-0361
Filed March 21, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHRISTIAN G. MUNOZ GONZALEZ,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.


        Christian Munoz Gonzalez appeals his sentences for first-degree murder and first-degree robbery.  **AFFIRMED.**


        Susan R. Stockdale, Windsor Heights, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


        Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

This is the third appeal arising from Christian Munoz Gonzalez's convictions for first-degree murder and first-degree robbery. *See Munoz v. State*, No. 12-1368, 2014 WL 69519, at *7 (Iowa Ct. App. Jan. 9, 2014) (affirming denial of first postconviction relief application); *State v. Munoz*, No. 06-1838, 2009 WL 1913690, at *6 (Iowa Ct. App. July 2, 2009) (affirming conviction on direct appeal). The proceedings leading up to this appeal are as follows.

Munoz Gonzalez was originally sentenced to serve life in prison on the first-degree murder conviction and a term not exceeding twenty-five years on the first-degree robbery conviction, with the terms to run consecutively. Munoz Gonzalez filed a second application for postconviction relief in which he argued his sentence on the first-degree murder count was illegal because he was a minor when he committed the offense. The postconviction court found Munoz Gonzalez was indeed a minor and, under recent precedent on juvenile sentencing, concluded he had to be resentenced. *See Miller v. Alabama*, 567 U.S. 460, 489 (2012) ("By requiring that all children convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the nature of their crimes, the mandatory-sentencing schemes before us violate this principle of proportionality, and so the Eighth Amendment's ban on cruel and unusual punishment."); *State v. Lyle*, 854 N.W.2d 378, 404 (Iowa 2014) (concluding "article I, section 17 of the Iowa Constitution forbids a mandatory minimum sentencing schema for juvenile offenders that deprives the district court of the discretion to consider youth and its attendant circumstances as a mitigating factor and to impose a lighter punishment by eliminating the minimum period of

incarceration without parole"). Following the resentencing hearing, the court imposed a prison term not exceeding life (with the possibility of parole) on the murder count and a prison term not exceeding twenty-five years on the robbery count, with the terms to run consecutively.

On appeal, Munoz Gonzalez argues the district court abused its discretion in imposing consecutive sentences. *See State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015) (applying an abuse of discretion standard of review "if the sentence is within the statutory limits"). In his view, the court focused "exclusively upon the nature of the crime," with "a thrown-in reference to his age."

The district court gave a detailed set of reasons for imposing the sentences and based the reasons on Munoz Gonzalez's circumstances. *See State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016) (encouraging courts "to give more detailed reasons for a sentence specific to the individual defendant and crimes"). The court began by summarizing the independent choices he made to commit two separate crimes and concluded with the following statement directed to the imposition of consecutive sentences:

> I agree with the State that the sentences should be consecutive because I am firmly convinced that the independent making on that day by you should have independent responsibility. It was one choice to rob someone. It was another choice to shoot them twice and kill them, and you should be accountable for both of them.

*See id.* ("Sentencing courts should also explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration."). The court appropriately focused on Munoz Gonzalez's commission of separate crimes and the need to

show accountability for both. *See State v. Walker*, No. 15-2131, 2017 WL 363255, at *1 (Iowa Ct. App. Jan. 25, 2017) (affirming court's "reliance on the number of separate crimes" the defendant committed). We conclude "the reasons for the exercise of discretion [were] obvious in light of the statement and the record before the court." *See State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). The district court did not abuse its discretion in imposing consecutive sentences.

**AFFIRMED.**