# IN THE COURT OF APPEALS OF IOWA

No. 17-0524
Filed March 21, 2018

**MARK THOMAS HENNINGS,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

 Appeal from the Iowa District Court for Webster County, Kurt L. Wilke,

Judge.


 Mark Hennings appeals the district court's dismissal of his third

postconviction-relief application. **AFFIRMED.**


 Shawn Smith of Shawn Smith, Attorney at Law, P.L.L.C., Ames, for

appellant.

 Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant

Attorney General, for appellee State.



 Considered by Vogel, P.J., Mullins, J., and Blane, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**MULLINS, Judge.**

A jury convicted Hennings of willful injury causing bodily injury and assault in violation of individual rights with the intent to inflict a serious injury; the supreme court affirmed his conviction and sentence. *See generally State v. Hennings*, 791 N.W.2d 828 (Iowa 2010).[1] Procedendo issued in January 2011.

Hennings filed his third application for postconviction relief (PCR) in September 2016.[2] The initial pro-se application vaguely relayed that the application was based upon "New Evidence." PCR counsel subsequently filed an amended application alleging Hennings's trial counsel rendered ineffective assistance in several respects. The amended application did not elaborate on what alleged "New Evidence" supported the application. The State moved to dismiss on statute-of-limitations grounds. Hennings resisted dismissal and submitted an affidavit in which he repeated his ineffective-assistance-of-counsel allegations. His affidavit also failed to elaborate on what alleged "New Evidence" supported the application. The district court dismissed Hennings's application on statute-of-limitations grounds, concluding the application was untimely because Hennings failed to allege a new ground of law or fact that was unavailable during the limitations period and Hennings failed to raise the instant ineffective-assistance claims in his previous PCR applications.

---

[1] The supreme court has partially overruled its decision in *Hennings*, to the extent it held "that the district court's stated reasons for sentences also applied to its decision to run them consecutively as part of an 'overall sentencing plan.'" *See State v. Hill*, 878 N.W.2d 269, 274–75 (Iowa 2017). Hennings does not raise the supreme court's overruling of its decision in his direct appeal as an issue in this appeal.

[2] Hennings previously filed PCR applications in February 2011 and August 2014. The former was dismissed when Hennings failed to appear for trial. The latter was dismissed on statute-of-limitations grounds.

Hennings appeals, contending he should have been provided a hearing prior to summary dismissal to present evidence on the merits of his application. The district court is allowed to grant summary disposition "when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Iowa Code § 822.6 (2016). Only pleadings and Hennings's affidavit were submitted. Those items support the district court's summary-disposition ruling. We affirm the district court's summary dismissal of Hennings's PCR application without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), (d), and (e).

**AFFIRMED.**