## IN THE COURT OF APPEALS OF IOWA

No. 18-1341
Filed February 5, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**GARY ALAN BEACH,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, District Associate Judge.

Gary Alan Beach appeals his sentences for possession of a controlled substance (third offense), unlawful possession of a prescription drug, and second-degree harassment. **AFFIRMED.**

Richard Hollis, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Mullins, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**VAITHESWARAN, Presiding Judge.**

Gary Beach pled guilty to possession of a controlled substance (third offense) and unlawful possession of a prescription drug. He also pled guilty to second-degree harassment in a separate case. The district court imposed judgment and sentence in both and ordered the sentence in the harassment case to be served consecutively "with those imposed in" the other case.

Beach appealed, arguing the court failed to provide adequate reasons for the imposition of consecutive sentences. The State conceded error. The Iowa Supreme Court summarily vacated "[t]he part of the sentencing order imposing consecutive sentences" and "remanded for resentencing on the issue of whether the sentences should run concurrently or consecutively."

On remand, the district court emphasized that the resentencing hearing was "on a limited issue of whether the sentences imposed in the matter should be served concurrently or consecutively." The court stated:

> Okay. Mr. Beach, obviously again we're here just on a limited issue, but, you know, on that issue there are a number of factors that I'm considering, including what's necessary to serve your rehabilitation and then also what's necessary to protect the community and your specific victim from any further offenses by you or by others. There's a number of factors that play into that: your age, your prior criminal history, your employment, family, and personal circumstances that I've been made aware of, the recommendation of the parties, contents of the presentence investigation report and that recommendation, the nature of these offenses, and anything else I've learned about you during the proceeding.
>
> Again, I'm not considering any dismissed or unproven charges, and we're here just for that limited issue of whether, you know, the charges should be concurrent or consecutive.
>
> There's a number of issues here, the first being that the recommendation by the State at the time of sentencing was for the harassment charge to be served consecutively to the drug offenses. There's also the defendant's criminal history, which is quite extensive going back to 1988, including a variety of different types of offenses

including false use of a credit card; theft in the fifth degree; interference with official acts causing injury; possession of marijuana; possession of marijuana with intent to deliver; failure to affix a drug tax stamp; attempted burglary in the third degree; serious assault on a peace officer; assault; driving while barred; [e]luding; operating while intoxicated, first offense; assault with a weapon; driving while barred, looks like four offenses for that from 2004 to 2005; possession of drug paraphernalia; another driving while barred; possession of a controlled substance, marijuana, third or subsequent offense; public intoxication; interference with official acts; criminal mischief in the fifth degree; possession of drug paraphernalia; and assault; and then of course we have the charges here.

There have been three prior occasions when the defendant has served a prison sentence, four placements in residential correctional facilities, generally in the presentence investigation a lack of accountability for his actions, and no—or at least minimal attempts to address any treatment issues for the drug issues between the time of the offense and when he was sentenced. I believe there was some mention he'd gone to NA—some NA meetings but had not completed a formal treatment program.

Additionally, the offenses—And, again, I'm kind of separating out the harassment from the drug offenses, those were separate instances separated by ten days or so, they were very different in nature. You know, obviously we have drug offenses on one hand, but then we have harassment of an individual on the other and that was unrelated to the drug offenses and also some [e]gregious factors in the harassment charge surrounding obviously another person who by all accounts didn't seem to have any prior connection to Mr. Beach and was unprovoked.

Taking all those factors into account, the court does find the sentence under Count VII of FECR026426, harassment in the second degree, should be served consecutively to the sentences imposed in FECR026440.

On appeal from the resentencing order, Beach again argues the district court failed to articulate sufficient reasons for imposing consecutive sentences. *See State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016) ("Iowa Rule of Criminal Procedure 2.23(3)(d) requires the district court to 'state on the record its reason for selecting the particular sentence.' Rule 2.23(3)(d) applies to the district court's

decision to impose consecutive sentences."). Our review is for an abuse of discretion. *Id.* at 272.

The district court listed and applied several factors, drawing from facts contained in the record, including the presentence investigation report. Beach contends the court misstated the record concerning the treatment he underwent and failed to expound on the facts underlying a characterization of the harassment conviction as "egregious." We are persuaded that the statement of reasons is sufficiently comprehensive to permit "appellate review of the . . . discretionary action." *Id.* at 274. We discern no abuse of discretion in the court's statement of reasons for imposing consecutive sentences.

**AFFIRMED.**