# IN THE COURT OF APPEALS OF IOWA

No. 18-1782
Filed March 18, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RICKY LEE MAHNESMITH,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Adam D. Sauer, District Associate Judge.

Ricky Mahnesmith appeals following his guilty pleas to possession of methamphetamine (third offense) and forgery. **AFFIRMED.**

Travis M. Armbrust of Brown, Kinsey, Funkhouser & Lander, P.L.C., Mason City, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**VAITHESWARAN, Presiding Judge.**

Ricky Lee Mahnesmith pled guilty to possession of methamphetamine (third offense).  *See* Iowa Code § 124.401(5) (2017).  He also entered an *Alford* plea[1] to the aggravated misdemeanor crime of forgery.  *See id.* § 715A.2(1)(b), (2)(b).  The district court sentenced Mahnesmith to a prison term not exceeding five years on the possession count and two years on the forgery count, with the sentences to be served concurrently with each other but consecutively to sentences imposed in two probation-revocation matters.

On appeal, Mahnesmith argues (1) the pleas were not voluntary; (2) the district court abused its discretion in "not following the [sentencing] recommendation of the parties" and in failing to "make it clear why the sentences would run consecutively with the sentences in the probation revocation matters"; and (3) defense counsel was ineffective in several respects.[2]

On the first issue, the State argues Mahnesmith's challenge to the voluntariness of the plea was waived by virtue of his failure to file a motion in arrest of judgment.  We agree.

"Iowa court rules require the court to inform a defendant at the time of his or her plea that in order for the defendant to challenge the plea, the defendant must file a motion in arrest of judgment."  *State v. Weitzel*, 905 N.W.2d 397, 401

---

[1] An *Alford* plea is a variation of a guilty plea where the defendant does not admit participation in the acts constituting the crime but consents to the imposition of a sentence.  *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

[2] The supreme court lifted a stay of the appeal after concluding recent changes to Iowa Code section 814.6 that limit direct appeals from guilty pleas do "not apply to a direct appeal from a judgment and sentence entered before July 1, 2019."  *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019).

(Iowa 2017) (citing Iowa R. Crim. P. 2.8(2)(d)). "If the defendant fails to file a motion in arrest of judgment after the court has informed the defendant of his or her obligation to do so, he or she cannot directly appeal from the guilty plea." *Id.*

The district court properly advised Mahnesmith about his right to file a motion in arrest of judgment and the consequences of failing to file a motion. Specifically, the court stated:

> If you wish to challenge the legality of the guilty plea proceedings, you must do so by filing a written motion in arrest of judgment, with the Clerk of Court, within forty-five days of today's date but not less than five days before the date set for sentencing. If you fail to timely file the motion, you will be giving up the opportunity to appeal based on any errors that we may have made in this proceeding.

The court asked Mahnesmith if he understood the admonition. Mahnesmith responded, "Yes, Your Honor." We conclude Mahnesmith waived his right to challenge the voluntariness of his plea on direct appeal.

Mahnesmith additionally argues his attorney "was ineffective in this matter for failing to make the defendant fully understand the import of his plea." "[I]f the guilty plea resulted from ineffective assistance of counsel, the defendant can challenge the plea under the rubric of ineffective assistance of counsel." *Id.* Mahnesmith asserts the claim is "best reserved for postconviction proceedings." We agree the record is inadequate to address the claim on direct appeal.

We turn to Mahnesmith's challenge to the district court's sentencing decision. Mahnesmith notes that "[t]he plea agreement proposed by the State at sentencing was that [he] would plead guilty to possession third offense and to forgery as an aggravated misdemeanor and have both sentences suspended to be placed on probation for a period of three to five years." He faults the district

court for declining to follow the recommendation and for instead imposing "the maximum sentences on [both] charges." But, as the State points out, Mahnesmith signed plea agreements stating the district court was not bound by the sentencing recommendation. And at the plea hearing, the court asked Mahnesmith, "Do you understand that the court is not bound by this plea agreement and that the court can impose any sentence up to the maximum penalties?" Mahnesmith responded, "I do understand that, Your Honor." We conclude the non-binding nature of the sentencing recommendation was clear to Mahnesmith.

We turn to the court's reasons for choosing prison over probation. The court stated:

> Well, one, it's been pretty clear through the [presentence investigation report] and also today, that the residential facility is not something that you are interested in based on numerous factors, health, work, and that is not something that you believe is appropriate or recommended by yourself. And unfortunately the Drug Court didn't work because of different factors. One of which was health, also maybe your lack of wanting to truly participate in that program. But the Court was left for your recommendation with either prison or probation. And based on what I have seen in the file, with your history, and with obviously two pending probation revocation matters, probation doesn't seem to be appropriate at this time.

We discern no abuse of discretion in the court's statement of reasons. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) ("We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure.").

Mahnesmith also argues the district court did not provide a statement of reasons for running the sentences consecutively to the sentences in the probation revocation matters. *See State v. Hill*, 878 N.W.2d 269, 274–75 (Iowa 2016) ("Sentencing courts should also explicitly state the reasons for imposing a

consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration."). The State responds that the court was simply "giving effect to the [plea] agreement and the defendant's own recommendation, which were made part of the record at sentencing." We agree with the State.

At the sentencing hearing, defense counsel stated: "So we would ask that the sentences in these cases in the probation matters that they remain suspended. And that in the new cases, that the sentences as [the State] said run concurrent with each other but consecutive to his probation matters which are already consecutive to each other." The district court asked the prosecutor and defense whether it was clear that, under the plea agreement, the two sentences imposed in the possession and forgery cases would run concurrently but "those will be ordered to run consecutively to [his] probation revocation matters." Both responded it was clear.

The district court imposed the sentence agreed to by the parties. Because the court did not exercise discretion, we conclude the court did not abuse its discretion in failing to state reasons for the sentence. *See State v. Sandstrom*, No. 17-1582, 2018 WL 3654858, at *3–4 (Iowa Ct. App. Aug. 1, 2018) ("Sandstrom received the sentence he requested and should not be able to complain now. The district court stated in its oral rendition and the sentencing order that the court was imposing the sentence consistent with the plea agreement . . . . The court imposed the sentence pursuant to the plea agreement. We find no error of law or abuse of discretion."); *State v. Serrano*, No. 16-0770, 2017 WL 1403625, at *2 n.2 (Iowa Ct. App. Apr. 19, 2017) ("Although we acknowledge the district court did not rely on

the parties' plea agreement in sentencing Serrano, we note the sentences imposed were precisely that to which Serrano agreed in his plea agreement with the State.").

We are left with several ineffective-assistance-of-counsel claims. As noted, Mahnesmith concedes the record is inadequate to address them on direct appeal.

We affirm Mahnesmith's judgment and sentence for possession of methamphetamine (third offense) and forgery.

**AFFIRMED.**