# IN THE COURT OF APPEALS OF IOWA

No. 20-1090
Filed April 14, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ADAM NATHANIEL NELMS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert B. Hanson,

Judge.

        Adam Nelms appeals the sentences imposed upon his criminal convictions.

**AFFIRMED.**

        Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.

        Considered by Bower, C.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Adam Nelms appeals the imposition of consecutive sentences upon his convictions, following guilty pleas,[1] of two counts of third-degree burglary, two counts of second-offense possession of methamphetamine, and one count of third-degree theft.  He argues "the district court failed to explicitly state the reasons for imposing consecutive sentences."

"Iowa Rule of Criminal Procedure 2.23(3)(d) requires the district court to 'state on the record its reason for selecting the particular sentence.'"  *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016).  The rule "applies to the district court's decision to impose consecutive sentences."  *Id.*  "Although the reasons need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action."  *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000).  A sentencing "court may rely on the same reasons for imposing a sentence of incarceration."  *Hill*, 878 N.W.2d at 275.  However, appellate courts are not allowed "to infer the same reasons applied as part of an overall sentencing scheme," and, as such, "[s]entencing courts should also explicitly state the reasons for imposing a consecutive sentence."  *Id.*

In choosing to impose a term of imprisonment instead of a suspended sentence and probation, the court noted its consideration of the presentence investigation report (PSI) and recommendation, a victim impact statement, protection of the public, Nelms's rehabilitation, his significant criminal history, and

---

[1] The State agrees Nelms has "good cause" to appeal because he is challenging the sentences imposed instead of his guilty pleas.  *See* Iowa Code § 814.6(1)(a)(3) (2020); *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020).

his refusal to take responsibility for his actions. After stating its decision to run Nelm's sentences consecutively instead of concurrently, the court explained:

> I'm doing that because of the separate and serious nature of your offenses. I'm doing it because it's consistent with the recommendations of the PSI, and I'm also doing it because in my own view it's the only way we can accomplish the—that we can confidently accomplish the goals of sentencing. Which are to give you the maximum opportunity for your own rehabilitation, but at the same time protect the public from you.

Upon our review, we find the district court's cursory explanation sufficient to allow appellate review of the trial court's discretionary action and the court provided sufficient reasons for its decision to impose consecutive sentences. *See Jacobs*, 607 N.W.2d at 690. We affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), and (e).

**AFFIRMED.**