# IN THE COURT OF APPEALS OF IOWA

No. 21-0469
Filed January 27, 2022

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DAVID JONES, JR.,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Steven J. Andreasen, Judge.

David Jones appeals the sentences imposes upon his criminal convictions. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Greer and Badding, JJ.

**BADDING, Judge.**

David Jones Jr. appeals the sentences imposed upon his convictions, following guilty pleas,[1] of neglect of a dependent person and child endangerment resulting in bodily injury. He claims the district court's failure to give specific reasons for imposing consecutive sentences was an abuse of discretion.

"Iowa Rule of Criminal Procedure 2.23(3)(d) requires the district court to 'state on the record its reason for selecting the particular sentence.'" *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016). The rule "applies to the district court's decision to impose consecutive sentences." *Id.* "Although the reasons need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). Appellate courts are not allowed "to infer the same reasons applied as part of an overall sentencing plan" and, as such, "[s]entencing courts should also explicitly state the reasons for imposing a consecutive sentence." *Hill*, 878 N.W.2d at 275.

At the sentencing hearing, the State recommended the imposition of consecutive terms of imprisonment based on "the separate nature of the offenses." Jones requested a deferred judgment or, alternatively, concurrent sentences and a period of probation. Following the court's announcement of its decision to impose consecutive prison terms, the court explained its consideration of Jones's maximum opportunity for rehabilitation; protection of the community against further

---

[1] The parties agree Jones has "good cause" to appeal because he is challenging the sentences imposed instead of his guilty pleas. *See* Iowa Code § 814.6(1)(a)(3) (2020); *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020).

offenses by Jones; the contents of the presentence-investigation report, which detailed Jones's age, criminal history, employment and family circumstances, and mental-health and substance-abuse history; the nature of the crimes; and the separate occurrences of the crimes. *See* Iowa Code §§ 901.5, 907.5(1). The court then stated: "Those are the reasons that the Court gives particular consideration in imposing the prison sentence and also by having the two counts run consecutive to each other."

On appeal, Jones argues that while the court provided sufficient reasons for imposing unsuspended prison sentences, "the court did not provide separate, sufficiently specific reasons for imposing a consecutive sentence." He maintains the court's "one-line statement . . . does not make a clear record as to whether the district court had specific reasons for the consecutive sentence or if the court was merely using them to impose a prison term."

As noted, sentencing courts must "explicitly state the reasons for imposing a consecutive sentence." *Hill*, 878 N.W.2d at 275. But "in doing so the court may rely on the same reasons for imposing a sentence of incarceration." *Id.* That is what the court did here on the record. And in its written order, the court specified that consecutive sentences were imposed due to the "separate and serious nature of the offenses." Upon our review, we find the district court's cursory explanation sufficient to allow appellate review of the trial court's discretionary action and conclude the court provided sufficient reasons for its decision to impose consecutive sentences. *See Jacobs*, 607 N.W.2d at 690. We affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), and (e).

**AFFIRMED.**