# IN THE COURT OF APPEALS OF IOWA

No. 23-1343
Filed December 4, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROY ALLEN HOGAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

        Roy Allen Hogan appeals the sentence imposed after pleading guilty.
**APPEAL DISMISSED.**

        Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

        Considered by Tabor, C.J., and Chicchelly and Sandy, JJ.

**CHICCHELLY, Judge.**

Roy Allen Hogan appeals the sentence imposed by the district court after pleading guilty. Upon our review, we must dismiss his appeal.

On March 6, 2023, Hogan became upset with a neighbor after the neighbor asked for money. Hogan then retrieved a hammer from his own apartment, walked down the hallway, entered the neighbor's apartment without permission, and struck him in the head multiple times. The neighbor suffered a fractured skull and other injuries. The State charged Hogan with: count I, attempted murder; count II, first-degree burglary; count III, willful injury causing serious injury, with a dangerous-weapon enhancement; count IV, assault while participating in a felony, with a dangerous-weapon enhancement; and count V, going armed with intent. As a result of plea negotiations, Hogan pled guilty to the lesser-charge of third-degree burglary and counts III and IV. As part of the plea agreement, Hogan also agreed to the dangerous-weapon enhancements on the two counts and for the sentences to run consecutively.

At the sentencing hearing, both the State and Hogan recommended adoption of the plea agreement, with the offenses and enhancements "running consecutively" for "a total of twenty-five years with a mandatory minimum of ten because of the weapons enhancements." The court agreed and imposed the sentences from the plea agreement. Hogan appeals.

On appeal, Hogan argues that the court abused its discretion by failing to adequately state its reasons for the consecutive sentences. But before we can even reach the merits of his argument, because Hogan pled guilty, he must show

good cause to pursue an appeal.[1]  *See* Iowa Code § 814.6(1)(a)(3) (2023) (permitting an appeal from a guilty plea "where the defendant establishes good cause"); *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020) (placing on the defendant "the burden of establishing good cause").  Hogan contends he has good cause to appeal because *Damme* is limited to binding plea agreements only.[2]  But good cause exists when the sentence imposed "was neither mandatory nor agreed to as part of [the] plea bargain."  *Damme*, 944 N.W.2d at 105.  This is not a circumstance in which Hogan requested a particular sentence, and the sentencing court imposed an alternative.  In fact, Hogan agreed to consecutive sentences as part of the agreement, and at the sentencing hearing, he *requested* the consecutive sentences.  We therefore find that Hogan "got what he bargained for—he has not established good cause to appeal."  *See State v. Stauffer*, No. 21-1292, 2023 WL 382991, at *1 (Iowa Ct. App. Jan. 25, 2023).  Accordingly, we must dismiss his appeal.  *See id.* (dismissing an appeal that lacks good cause).

**APPEAL DISMISSED.**

---

[1] Even if Hogan was able to establish good cause, his entire argument relies on *State v. Hill*, 878 N.W.2d 269 (Iowa 2016), which he claims overruled existing supreme court caselaw.  We have previously declined this exact argument.  *See State v. Sandstrom*, No. 17-1582, 2018 WL 3654858, at *3 (Iowa Ct. App. Aug. 1, 2018) ("*Hill* did not overturn the line of cases where the court simply imposes the sentence provided by the plea agreement.").  To the extent he now asks us to expressly overrule such previous cases, "[w]e are not at liberty to overrule controlling supreme court precedent."  *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).

[2] To support this assertion, Hogan cites *State v. Wilbourn*, 974 N.W.2d 58, 66 (Iowa 2022), in which the court expressly "save[d] for another day the question of whether good cause exists to solely appeal an agreed sentence without an accompanying sentencing error outside the scope of the plea agreement."  But we need not resolve any alleged discrepancy because Hogan does not challenge the plea agreement.