# IN THE COURT OF APPEALS OF IOWA

No. 23-2016
Filed January 23, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHRISTOPHER JOSEPH HIDLEBAUGH,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dallas County, Michael Jacobsen,

Judge.


        A defendant attempts to appeal a sentence imposed following the

defendant's guilty plea.  **APPEAL DISMISSED.**


        Martha J. Lucey, State Appellate Defender, and Ashley Stewart (until

withdrawal) and Melinda J. Nye, Assistant Appellate Defenders, for appellant.

        Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.


        Considered by Greer, P.J., and Ahlers and Badding, JJ.

**AHLERS, Judge.**

Christopher Hidlebaugh entered a guilty plea to the offense of sex offender registry violation, second offense, as a habitual offender. The plea agreement required the State to recommend a suspended sentence with probation if Hidlebaugh provided proof that he had purchased a home by taking out a home loan with a mortgage or by entering a real estate contract for purchase of a home by the time of sentencing. If not, the State would recommend prison. Hidlebaugh agreed to be bound by the applicable sentencing recommendation. The court was not bound by the joint sentencing recommendation. *See* Iowa R. Crim. P. 2.10(3).

When the sentencing hearing was held approximately six months later, Hidlebaugh had not purchased a home. Consistent with the plea agreement, the State recommended imposition of a fifteen-year prison sentence, with a minimum of three years. Hidlebaugh's counsel confirmed that the plea agreement called for the defense to join in the State's recommendation. After Hidlebaugh gave his statement in mitigation of punishment, the district court imposed the agreed-upon sentence.

Hidlebaugh appeals this sentence. He contends the district court considered an improper factor and violated his constitutional right to equal protection under the United States and Iowa Constitutions by imposing a prison term based on his inability to buy a house.

Before we can address the merits of Hidlebaugh's claim, we must first determine whether we have jurisdiction. Because Hidlebaugh pleaded guilty to a crime that is not a class "A" felony, he is required to show good cause before we have jurisdiction over his appeal. *See* Iowa Code § 814.6(1)(a)(3) (2023); *see also*

*State v. Damme*, 944 N.W.2d 98, 103–05 (Iowa 2020) (holding the appellate courts lack jurisdiction over an appeal following a guilty plea absent a showing of good cause). Although the State concedes that we have jurisdiction, we are not bound by the concession. *See State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010) (concluding the appellate court is not bound by a party's concession), *overruled on other grounds by State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016). And we have the obligation to police our own jurisdiction sua sponte. *See Vasquez v. Iowa Dep't of Human Serv.*, 990 N.W.2d 661, 667 (Iowa 2023).

We conclude we do not have jurisdiction over Hidlebaugh's attempted appeal. It is true that Hidlebaugh appeals only his sentence, which generally establishes good cause to appeal following a guilty plea. *See Damme*, 944 N.W.2d at 105. However, that general rule only applies when the defendant receives "a discretionary sentence that was neither mandatory nor agreed to as part of [the] plea bargain . . . ." *Id.* When the defendant receives an agreed-upon sentence, the defendant fails to establish good cause to appeal even when the appeal is limited to challenging the sentence. *Id.*; *see also State v. Spencer*, No. 23-0844, 2024 WL 3518267, at *1 (Iowa Ct. App. Jul. 24, 2024); *State v. Brumley*, No. 23-1693, 2024 WL 2842224, at *1 (Iowa Ct. App. June 5, 2024). Here, Hidlebaugh received the agreed-upon sentence. We therefore lack jurisdiction over his attempted appeal and must dismiss it.

**APPEAL DISMISSED.**

Badding, J., concurs; Greer, P.J., concurs specially.

**GREER, Presiding Judge** (specially concurring).

Given the procedural history and our caselaw, I agree that we lack jurisdiction to decide Christopher Hidlebaugh's appeal. *See State v. Damme,* 944 N.W.2d 98, 103–05 (Iowa 2020); *but see State v. Wilbourn*, 974 N.W.2d 58, 66 (Iowa 2022) ("If good cause exists to challenge any sentencing error, then we also have jurisdiction to review other alleged sentencing errors as well. We save for another day the question of whether good cause exists to solely appeal an agreed sentence without an accompanying sentencing error outside the scope of the plea agreement." (internal citation omitted)).

I write separately to highlight that while a defendant's indigency (or inability to find stable housing) in no way immunizes him from punishment, incarcerating a defendant based solely on his inability to follow through with a financial undertaking is unconstitutional. *See Bearden v. Georgia*, 461 U.S. 660, 665–70 (1983); *State v. Snyder*, 203 N.W.2d 280, 287 (Iowa 1972) ("Distinctions in the administration of criminal justice between rich and poor are generally not likely to bear up under constitutional scrutiny. Such economic discrimination falls squarely within the protection of [the Fourteenth Amendment]."). As to this specific charge, the failure of an indigent defendant to afford housing should not be the sole reason to incarcerate, given the authority referenced above. Thus, I encourage district court judges to carefully scrutinize a plea agreement like the one entered into by Hidlebaugh and the State.