# IN THE COURT OF APPEALS OF IOWA

No. 24-1215
Filed July 23, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CODY WESS MINENGA,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, Judge.

        Cody Minenga appeals the sentence imposed following his guilty plea to second-degree harassment. **CONVICTION AFFIRMED; SENTENCES VACATED AND REMANDED FOR RESENTENCING.**

        Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

        Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

        Considered without oral argument by Greer, P.J., Chicchelly, J., and Bower, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**BOWER, Senior Judge.**

Cody Minenga pled guilty to second-degree harassment. At a combined sentencing hearing for that case and a case in which he was convicted of operating while intoxicated (OWI) and carrying weapons, Minenga was sentenced to ninety-day terms of incarceration on both the harassment conviction and the weapons conviction and one year of incarceration on the OWI conviction. The district court ran the OWI and weapons sentences concurrently but ordered the harassment sentence to be served consecutively to the OWI sentence.

On appeal,[1] Minenga claims the court erred by "fail[ing] to give adequate reasons for ordering the sentences to run consecutively to each other."[2] "Our review of the defendant's sentence is for the correction of errors at law. We will not reverse a sentence unless there is an abuse of discretion or some defect in the sentencing procedure." *State v. Cole*, ___ N.W.3d ___, ___, 2025 WL 1774150, at *4 (Iowa 2025) (cleaned up).

Iowa Rule of Criminal Procedure 2.23(2)(g) requires the court to "particularly state the reason for imposition of any consecutive sentence." *See also State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016). The State concurs the court "failed to adequately explain its decision to run the harassment sentence consecutively to the OWI sentence." Although the court provided reasons for the sentences imposed, "[n]othing in th[e sentencing] order, or the court's statements at the

---

[1] Minenga has good cause for this appeal. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

[2] Minenga also challenges the length of the sentence imposed for his OWI conviction. But as the State correctly points out, "that case is not a part of this appeal." Minenga may challenge his OWI conviction in an appeal from that case; we cannot address it here.

sentencing hearing, tied its reasoning to the imposition of consecutive sentences." *State v. Archer*, No. 24-0293, 2025 WL 271628, at *3 (Iowa Ct. App. Jan. 23, 2025). "While a sentencing 'court may rely on the same reasons for imposing a sentence of incarceration,' we cannot 'infer the same reasons applied as part of an overall sentencing scheme.'" *Id*. (quoting *Hill*, 878 N.W.2d at 275). Because the court did not state its reasons for imposing consecutive sentences, we vacate Minenga's sentences and remand for resentencing. *See State v. Duffield*, 16 N.W.3d 298, 303–04 (Iowa 2025).

**CONVICTION AFFIRMED; SENTENCES VACATED AND REMANDED FOR RESENTENCING.**