# IN THE COURT OF APPEALS OF IOWA

No. 16-1485
Filed April 19, 2017

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**MICHAEL A. MCCANN,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Des Moines County, John G. Linn, Judge.

　　　A defendant appeals the district court's imposition of a consecutive sentence. **AFFIRMED.**

　　　Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

　　　Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

　　　Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VOGEL, Judge.**

Michael McCann appeals his sentence following his guilty plea to four counts of delivery of a controlled substance, in violation of Iowa Code section 124.401(1)(d) (2015), and one count of possession of a controlled substance with intent to deliver, also in violation of Iowa Code section 124.401(1)(d). McCann claims the district court failed to adequately explain its reasons for imposing a consecutive sentence.

### I.    Background Facts and Proceedings

On May 16, 2016, the State charged McCann with four counts of delivery of a controlled substance and one count of possession of a controlled substance with intent to deliver. On June 20, McCann pled guilty to all five counts, and a sentencing hearing was set for August 8. At sentencing, the State recommended a term of incarceration of five years on each count and requested the terms be served consecutively. McCann requested any terms of incarceration to be served concurrently. Ultimately, the district court sentenced McCann to terms of imprisonment of five years on each of the four counts of delivery of a controlled substance to run concurrently to each other and a term of imprisonment of five years on the possession of a controlled substance with intent to deliver to run consecutively to the other terms of imprisonment. In discussing its decision to impose a consecutive sentence, the court stated:

> In balancing these factors, the Court concludes confinement will be the order of the Court. I'm not going to run all of these sentences consecutive. The Court believes adequate rehabilitation can be done for this defendant, and deterrence both specifically to him and to the community can be satisfied if the first four counts are run concurrent, but Count V is run consecutive, so the total sentence will be ten years.

## II.    Standard of Review

When a sentence falls within statutory limits, we review it for abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). The district court is required to exercise its discretion when it imposes a sentence that is not mandatory. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016).

## III.    Consecutive Sentence

McCann argues the district court failed to adequately explain its specific reasons for imposing a consecutive sentence. The State disagrees.

In *Hill,* our supreme court held "[s]entencing courts should also explicitly state the reasons for imposing a consecutive sentence." 878 N.W.2d at 275. The reasons must be sufficient "'to allow appellate review of the trial court's discretionary action' to impose a consecutive sentence." *Id.* (quoting *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010)). However, "a 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (quoting *State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989)).

Upon our review of the record, we conclude the district court adequately explained its reasons for imposing a consecutive sentence. The court made it clear it believed imposing consecutive sentences was the best way to achieve the twin goals of rehabilitation and deterrence. The court also indicated it had reached that conclusion based on the specific needs of McCann and the needs of the community. Further, from a review of the sentencing transcript, it is clear that the thrust of both the State's and McCann's arguments regarding sentencing

concerned whether the sentences would be concurrent or consecutive. The court then balanced the merits both positions when it pronounced the sentence. Accordingly, the record reflects the court sufficiently stated its reasons for imposing a consecutive sentence on McCann.

### IV.     Conclusion

Because we conclude the district court sufficiently explained its reasons for imposing a consecutive sentence, we affirm McCann's sentence.

**AFFIRMED.**