# IN THE COURT OF APPEALS OF IOWA

No. 21-0942
Filed February 16, 2022

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**WALTER BROWN,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Andrea Dryer, Judge.

A defendant appeals his conviction and sentence for possession with intent to deliver. **AFFIRMED.**

Richard Hollis, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by May, P.J., and Schumacher and Badding, JJ.

**SCHUMACHER, Judge.**

Walter Brown appeals his conviction and sentence for possession with intent to deliver. He claims the district court violated his due process rights by not conducting an in-person plea colloquy. He also contends the court improperly sentenced him to prison, rather than a term of probation. Brown does not meet the "good cause" threshold for a direct appeal of his plea. The district court did not abuse its discretion when sentencing Brown. We affirm.

## I. Background Facts & Proceedings

Brown was charged by trial information in February 2020 for possession of a controlled substance with intent to deliver following the execution of a search warrant that led to the discovery of foil packets containing heroin.[1] On March 12, 2021, Brown filed a document captioned "Written Guilty Plea and Waiver of Rights (Alford Plea)" for possession with intent to deliver, in violation of Iowa Code section 124.401(1)(c)(1) (2018), a class "C" felony, as charged in the trial information.[2]

Brown's written plea waived his right to an in-person plea colloquy. He did not file a motion in arrest of judgment, although the written plea advised him of the requirement to do so if he wished to challenge his plea. The district court held a sentencing hearing on July 8. Brown appeared personally for the sentencing. Defense counsel noted there were no pending motions and no legal reason that sentencing could not proceed. Brown provided a statement of allocution. The

---

[1] The search warrant was executed in 2018 but charges were not filed until 2020.
[2] An *Alford* plea allows the defendant to consent to imposition of a sentence without admitting their participation in the acts constituting the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

court sentenced Brown to an indeterminate ten-year period of incarceration. Brown appeals.

## II.    Discussion

Brown claims the district court violated his due process rights by failing to conduct an in-person plea colloquy, therefore preventing him from entering into the plea knowingly and voluntarily.  Brown argues that because his plea was in writing, rather than in-person, there "were no guilty plea proceedings" and such constitutes reversible error.  Brown also contends the district court failed to consider the goal of rehabilitation when sentencing him to a term of incarceration rather than probation.

### A.    Plea Colloquy

Brown alleges the district court violated his due process rights by failing to provide an in-person plea colloquy.  He acknowledges the lack of a motion in arrest of judgment, arguing his failure to file such motion is excused because his advisement of the necessity to file a motion was in writing, rather than in person. We look to whether Brown demonstrated good cause to appeal under Iowa Code section 814.6 (2021).  This section prohibits direct appeal from guilty pleas unless the defendant can show good cause.  Iowa Code § 814.6(1)(a)(3).  The statute, effective July 1, 2019, provides two exceptions to the prohibition from appealing guilty pleas: (1) class "A" felonies or (2) when the defendant establishes "good cause." Id. § 814.6(1)(a)(3).  Because Brown entered a plea to a class "C" felony, the first exception does not apply.

The second alternative permits an appeal only upon a showing of "good cause." Id. § 814.6(1)(a)(3).  Our supreme court has held that good cause means

"a legally sufficient reason." *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020). A legally sufficient reason is a ground that potentially would afford the defendant relief. *State v. Tucker*, 959 N.W.2d 140, 149 (Iowa 2021). "[W]hat constitutes good cause is context-specific." *Damme*, 944 N.W.2d at 104.

Brown was sentenced on July 8, 2021. As such, the statutory amendments of section 814.6 apply. *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019) (finding that the amendments to section 814.6 affect only those whose judgment and sentence was entered after July 1, 2019). As noted, Brown attacks the plea itself, claiming he did not enter the plea knowingly and voluntarily because the court did not hold an in-person plea colloquy.[3]

Our supreme court has rejected a similar claim. In *State v. Tucker*, the defendant asked the court to expand the concept of good cause to include a claim that a plea was not intelligently and voluntarily made. 959 N.W.2d at 153. The court rejected the argument, noting,

---

[3] Brown does not challenge the Iowa Supreme Court's authority to alter the criminal rules of procedure by administrative order due to the COVID-19 pandemic. While Brown argues that "there were no guilty plea proceedings" because Brown's plea was in writing, Iowa Supreme Court administrative orders in effect at the time the district court accepted Brown's plea permitted the acceptance of felony pleas in writing. *See* Iowa Supreme Ct. Supervisory Order, *In the Matter of Ongoing Preparation for Coronavirus/COVID-19 Impact on Court Services* (Mar. 14, 2020); Iowa Supreme Ct. Supervisory Order, *In the Matter of Ongoing Provisions For Coronavirus/COVID-19 Impact on Court Services* (May 22, 2020); Iowa Supreme Ct. Supervisory Order, *In the Matter of Ongoing Provisions For Coronavirus/COVID-19 Impact on Court Services* pmbl. (Nov. 10, 2020); Iowa Supreme Ct. Supervisory Order, *In the Matter of Ongoing Provisions For Coronavirus/COVID-19 Impact on Court Services* (Nov. 24, 2020); Iowa Supreme Ct. Supervisory Order, *In the Matter of Lessons Learned From the Judicial Branch Response To COVID-19* (Apr. 28, 2021); Iowa Supreme Ct. Supervisory Order, *In the Matter of Ongoing COVID-19 Iowa Judicial Branch Court Services and Processes Continued to January 1, 2022* (June 21, 2022).

> A legally sufficient reason to appeal as a matter of right is a reason that, at minimum, would allow a court to provide some relief on direct appeal. Here, there is no such possibility. Tucker pleaded guilty and requested immediate sentencing. He waived his right to file a motion in arrest of judgment. *His failure to file a motion in arrest of judgment precludes appellate relief.* *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal.").

*Id.* (emphasis added).

Brown did not request immediate sentencing. However, he failed to file a motion in arrest of judgment challenging his plea even though the written plea informed him of the necessity of filing one. We determine Brown has failed to demonstrate good cause for the appeal of his plea. Given the lack of a motion in arrest of judgment, this court cannot afford Brown relief.

### B.  Sentencing

Brown claims the district court failed to consider a sentence that would rehabilitate him, as required under Iowa Code section 901.5. As a result, he claims his imprisonment violates his due process rights. However, Brown's briefing fails to include any supporting authority for his assertion that the district court's sentence violates his due process rights.[4]

A defendant cannot merely utter constitutional phrases and transform their claim into a constitutional violation. As such, we could consider this claim waived. *See* Iowa R. App. P. 6.903(2)(g)(3). Brown does not explain how the court's alleged failure to properly weigh statutory factors in sentencing constitutes a due process violation rather than the normal standard of abuse of discretion. Because

---

[4] Brown argues that sentencing implicates due process. While true, it is insufficient to explain how his sentence violates his due process rights.

Brown concedes that this claim of error could be considered an abuse of discretion by the sentencing court, and because the claim more appropriately falls under that analysis, we consider the merits as an abuse-of-discretion claim.

"We review the district court's sentence for an abuse of discretion." *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016) (citation omitted). "A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable. A district court's 'ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law.'" *Id.* (citations omitted).

Sentences are presumed valid when they fall within the statutory parameters. *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015). District courts should consider all relevant factors when considering what sentence to impose, including, but not limited to, "the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform." *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006) (citation omitted). Importantly, "[t]he courts owe a duty to the public as much as to defendant in determining a proper sentence." *Id.* (quoting *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999)); *see also* Iowa Code § 901.5 (noting that the court should determine what sentence "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant").

At sentencing, the district court considered Brown's previous convictions and indicated, "Brown does have a significant substance abuse addiction." The court also considered Brown's age, who was sixty-seven years old at the time of

sentencing. The court noted that, "under many circumstances, I would agree that Mr. Brown would be an appropriate candidate for probation supervision." However, the court weighed those considerations against the "numerous and . . . serious" pretrial supervision violations Brown committed, which mostly involved repeated drug violations, and sentenced Brown to an indeterminate ten years of incarceration.

The district court did not abuse its discretion when sentencing Brown. We have consistently held that courts may consider whether the defendant would be a good candidate for probation. *See State v. Carlson*, No. 19-2113, 2021 WL 210702, at *2 n.2 (Iowa Ct. App. Jan. 21, 2021) (collecting cases). Here, the district court considered mitigating factors, like Brown's addiction and age, and concluded that probation would not benefit Brown based on his repeated violations of pretrial release. The sentence imposed fell within the statutory parameters. The court did not abuse its discretion. We affirm.

**AFFIRMED.**